IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD L. JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN McMILLIN, et al.,<br><br>    Defendants. | No. C 05-1065 MMC (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR INDICATE THAT SUCH MOTION IS NOT WARRANTED; DENYING REQUESTS FOR APPOINTMENT OF COUNSEL AND TRANSCRIPTS** |

    Plaintiff, a Monterey County inmate proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he was convicted in Santa Clara County Superior Court in 1998 for violating California's sex offender registration statute, and that this conviction was overturned on appeal after plaintiff had served three years of the sentence. Defendants are two individual police officers, and various municipal entities involved in plaintiff's prosecution and conviction. Plaintiff has paid the filing fee.

**DISCUSSION**

**A.**    **Standard of Review**

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be

1  granted or seek monetary relief from a defendant who is immune from such relief.  See id. §

2  1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v.

3  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).  To state a claim under 42 U.S.C. §

4  1983, a plaintiff must allege two essential elements: (1) that a right secured by the

5  Constitution or laws of the United States was violated, and (2) that the alleged violation was

6  committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48

7  (1988).

8  **B.     Legal Claims**

9       Plaintiff claims that he was subject to an "unjust" arrest and incarceration for three

10 years before his conviction was overturned.  The only individual defendants named in the

11 complaint are two San Jose Police Officers, Kevin McMillen ("McMillen") and James Mena

12 ("Menard").  He alleges that McMillen and Menard engaged in "racial profiling" in effectuat

13 an "unjust arrest."  The Fourth Amendment requires that an arrest be supported by probable

14 cause.  Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001); Michigan v. Summers, 452

15 U.S. 692, 700 (1981) (holding arrest unlawful absent probable cause).  An arrest is supported

16 by probable cause if, under the totality of the circumstances known to the arresting officer, a

17 prudent person would have concluded that there was a fair probability that the defendant had

18 committed a crime.  Beier v. City of Lewiston, 354 F.3d 1058, 1065 (9th Cir. 2004) ; Grant v

19 City of Long Beach, 315 F.3d 1081, 1085 (9th Cir. 2002).  A claim of unlawful arrest is

20 cognizable under § 1983 for violation of the Fourth Amendment's prohibition against

21 unreasonable search and seizure if the allegation is that the arrest was without probable cause

22 or other justification.  See Pierson v. Ray, 386 U.S. 547, 555-558 (1967).  Consequently, any

23 illegal or wrongful arrest claim should be reviewed under the Fourth Amendment's

24 "reasonableness" standard, rather than under a "substantive due process" approach.  See Lars

25 v. Neimi, 9 F.3d at 1400.  No specific intent is required.  See Caballero v. City of Concord,

26 956 F.2d 204, 206 (9th Cir. 1992) (holding specific intent not required to establish § 1983

27 claim for false arrest under 4th Amendment).  Liberally construed, plaintiff's allegation, that

28

McMillen and Menard engaged in racial profiling in effectuating his arrest, states a cognizable claim pursuant to § 1983 that said officers made the arrest without probable cause.

The remaining defendants named in the complaint, specifically, the San Jose Police Department, the District Attorney's Office of Santa Clara County, and the County of Santa Clara, are all municipal entities. Local and municipal governments and their entities are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes a constitutional violation. See Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) the plaintiff possessed a constitutional right of which he or she was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff makes no such allegations against any of the municipal defendants, and as a result, his claims against them are not cognizable.[1]

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's claims against the San Jose Police Department, the District Attorney's Office of Santa Clara County, and Santa Clara County are DISMISSED for failure state a cognizable claim for relief.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the **complaint** with all attachments thereto, and a copy of this order upon: **Kevin McMillen and James Menard at the San Jose Police Department.** The clerk shall also serve a copy of this order on plaintiff and the City Attorney's Office of San Jose.

---

[1] These defendants are not liable on a respondeat superior theory. See Board of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997) (holding city or county may not be held vicariously liable for unconstitutional acts of its employees under theory of respondeat superior).

3.     In order to expedite the resolution of this case, the court orders as follows:

     a.     No later than **sixty (60) days** from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If defendant is of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due</u>**.

All papers filed with the Court shall be promptly served on the plaintiff.

     b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30) days** from the date defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See <u>Rand v. Rowland</u>, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and <u>Celote</u>

4

Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendant's motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

       c.     Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

       d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

   4.     All communications by the plaintiff with the Court must be served on defendant or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

   5.     It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

   6.     Extensions of time are not favored, though reasonable extensions will be granted.  However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time.  The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received.  Any motion for an extension of time must be filed no later than 5 days prior to the deadline sought to be extended.

   7.     Plaintiff's motion for appointment of counsel is DENIED for want of exceptional circumstances.  Plaintiff has been able to adequately present his claims, which do

5

1  not appear to be especially complex.  Should the circumstances of this case materially change
2  the Court may reconsider plaintiff's request sua sponte.
3     8.     Plaintiff's request that this Court order the state trial and appellate courts to
4  provide him with transcripts from his criminal trial and appeal is DENIED.  Plaintiff provides
5  no authority, and the Court is aware of none, pursuant to which this Court can issue an order
6  this nature to a state court.  Plaintiff may seek to obtain such transcripts by requesting them
7  directly from the state superior and appellate courts in which his trial and appeal were
8  conducted, or from the attorneys who represented him in those proceedings.

IT IS SO ORDERED.

DATED: June 1, 2005

                    /s/ Maxine M. Chesney
                  MAXINE M. CHESNEY
                  United States District Judge