IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLIFFORD L. JACKSON, | ) | No. C 05-1065 MMC (PR) |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | ) ) | |
| KEVIN McMILLIN, et al., | ) | (Docket Nos. 8 & 18) |
| Defendants. | ) ) ) | |

     Plaintiff, currently incarcerated in Monterey County and proceeding pro se, filed the above-titled civil rights complaint pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that defendants Kevin McMillin and James Menard, both officers employed by the San Jose Police Department, improperly arrested him.[1] The Court, having found the complaint, liberally construed, states a cognizable claim under the Fourth Amendment for false arrest, ordered the complaint served on defendants, and ordered defendants to file a dispositive motion or, alternatively, to indicate such motion was not warranted. Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition, as well as an amended opposition, which the Court has

---

[1] The complaint initially included other defendants, all municipal entities. The claims against those defendants were dismissed for failure to allege a cognizable claim for relief.

considered.[2]  Defendants have filed a reply.

## DISCUSSION

**A.     Standard of Review**

Rule 12(b)(6) provides for the dismissal of a claim "if as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Neitzke v. Williams, 490 U.S. 319, 327 (1989).  In considering a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996).  Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints.  Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).  In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint, but may consider exhibits attached thereto.  Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of ruling on 12(b)(6) motion).  In addition, the court may consider facts of which it may take judicial notice pursuant to Rule 201(b) of the Federal Rules of Evidence.  Lee v. County of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

**B.     Background**

In connection with this motion, the Court limits itself to consideration of the following facts, which, as noted below, are either alleged in the complaint or judicially noticeable.

Plaintiff alleges that on April 13, 1998, defendants arrested him because they believed his "gait was slightly unsteady."[3]  He further alleges that this arrest led to his subsequent conviction in Santa Clara County Superior Court in 2000, specifically, a conviction under California Penal Code § 290, for failing to register as a sex offender.   Additionally, plaintiff

---

[2] Plaintiff also refers to these filings as "replications."

[3] Although not specified in the complaint, the date of the arrest is identified in plaintiff's opposition.

alleges that in 2003, the California Court of Appeal reversed the conviction, and that he was released from prison on October 28 of that year.[4]

Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court takes judicial notice of the following facts from plaintiff's state court records, specifically the docket and opinion of the California Court of Appeal in People v. Jackson, 109 Cal.App.4th 1625, 1627 (Cal. App. 2003).[5]  The date of plaintiff's arrest was April 13, 1998.  Defendants initially arrested him for public intoxication and later arrested him for violating California Penal Code § 290, which requires a sex offender to register his current address.  Plaintiff was never prosecuted for public intoxication;[6] he was, however, charged with and, on September 6, 2000, ultimately convicted of, violating § 290.  He was sentenced to a term of twenty-five years to life in state prison.  On June 27, 2003, the California Court of Appeal reversed the conviction on grounds that § 290 requires actual knowledge of the legal obligation to register more than one address, there was no evidence that plaintiff had been notified of this obligation, and the jury was never instructed that it had to find actual knowledge of such. Jackson, 109 Cal. App. 4th at 1632-35.

## C.  **Legal Analysis**

In the instant motion, defendants argue that plaintiff's claim of false arrest is barred by the statute of limitations.  Section 1983 does not contain its own limitations period.  The appropriate period is that of the forum state's statute of limitations for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985).  In the event the state has multiple statutes of limitations for different torts, federal courts considering claims brought pursuant to 42

---

[4]The basis for plaintiff's present incarceration in Monterey County is unclear from the record.

[5]These facts are also set forth in plaintiff's opposition.

[6]Although neither the complaint nor the state court opinion clearly indicates whether plaintiff was ever charged with public intoxication, plaintiff, in his opposition, states that the District Attorney "never once pursued" that charge.  See Pl's Replication, filed September 30, 2005, at 4-5; see also Pl's Amended Replication, filed December 1, 2005, at 6 (asking, rhetorically, "[W]hy wasn't the drunk in public charge, Penal Code # 647(F), ever pursued by the District Attorney?").

U.S.C. § 1983 should borrow the general or residual statute for personal injury actions. See Silva v. Crain, 169 F.3d 608, 610 (9th Cir. 1999). Prior to January 1, 2003, California's general residual statute of limitations for personal injury actions was one year. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3)). Effective January 1, 2003, that limitations period was extended to two years. See id. at 955; Cal. Code Civ. Proc. § 335.1. If the claim was already barred as of January 1, 2003, however, the new extension does not apply and the applicable limitations period is one year. See Maldonado, 370 F.3d at 955.

1.  Accrual

In determining whether plaintiff's claim is barred, the Court first must determine when plaintiff's claim of false arrest accrued and the statute of limitations began to run. Federal law determines when a cause of action accrues in a § 1983 action. Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir. 1994). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury upon which the action is based. Two Rivers v. Lewis, 174 F.3d 987, 991-92 (9th Cir. 1999); Elliott, 25 F.3d 802 (finding claim of excessive force during arrest accrued at time of arrest).

Prior to the Supreme Court's 1994 decision in Heck v. Humphrey, 512 U.S. 477 (1994), the law of the Ninth Circuit was that false arrest claims accrue on the date of arrest. See Matthews v. Macanas, 990 F.2d 467, 469 (9th Cir. 1993). In Heck, however, the Supreme Court held that in order to recover damages for harm caused by conduct the unlawfulness of which would render a conviction or sentence invalid, a plaintiff bringing a claim under § 1983 must prove the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck, 512 U.S. at 486-487. In Cabrera v. City of Huntington Park, 159 F.3d 374, 377, 380-81 (9th Cir. 1998), the Ninth Circuit addressed the impact of Heck on the accrual of a claim of false arrest. In Cabrera, the plaintiff, Cabrera, was arrested and convicted for

4

disturbing the peace, based on the arresting officers' having heard him challenge another person to a fight. Cabrera thereafter brought a civil rights action, claiming, inter alia, that the arrest was not based on probable cause and that his only role was as a peacemaker. See id. The Ninth Circuit concluded:

> On these facts, finding there was no probable cause would 'necessarily imply' that Cabrera's conviction for disturbing the peace was invalid. Therefore, under Heck, Cabrera's false arrest and imprisonment claims were not cognizable and did not accrue until his conviction was invalidated.

Id. at 380. The Ninth Circuit limited its holding to cases that fall within "Heck's exception," however, finding the general rule in the Ninth Circuit, that a false arrest claim accrues at the time of arrest, survives. See id. at 380 n.7; accord Pascual v. Matsumura, 165 F.Supp.2d 1149, 1151-53 (D.Hawai'i, 2001) (recognizing that under Cabrera, false arrest claim not barred by Heck accrues on date of arrest).

Consequently, a determination as to whether plaintiff's false arrest claim in the instant case accrues on the date of his arrest or on the date his conviction was invalidated will depend on whether the validity of his warrantless arrest "necessarily would implicate the validity of [his] conviction." See, e.g., Cabrera, 159 F.3d at 380 n.7 ("Thus, for example, a convicted thief's false arrest claim would accrue at the time of his arrest even after Heck."); Pascual, 165 F.Supp.2d at 1153 (noting § 1983 claim based on illegal search would implicate validity of conviction for possession of illegal gaming devices whereas § 1983 false arrest claim predicated on improper service of warrant would not implicate conviction based on evidence acquired from sources unrelated to arrest).

Here, plaintiff claims that his "slightly unsteady gait" did not amount to probable cause for an arrest and thus the officers' decision to arrest him on such basis was unlawful. Plaintiff's conviction for failing to register under § 290 was based on evidence unrelated to the steadiness of his gait and the issue of whether such behavior constituted probable cause for arrest. As a result, even if plaintiff's false arrest claim were successful, such outcome would not "necessarily imply" the invalidity of his conviction for § 290 within the meaning of Heck. See Cabrera, 189 F.3d at 380-81. The validity of that conviction was dependent on

issues wholly separate from the arrest. See Cal. Pen. Code § 290 (setting forth elements of offense); see also People v. Jackson, 109 Cal.App. 4th at 1631 (setting forth "Contentions on Appeal"). As plaintiff's false arrest claim was not subject to Heck, it accrued on the date of his arrest, April 13, 1998, not on the date his conviction for violating § 290 was reversed. See Cabrera, 159 F.3d at 380 n.7.[7]

2. Statutory Tolling

A federal court must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989). As relevant to the instant case, two statutory provisions serve to toll the limitations period for, respectively, the time criminal charges are pending and the time of imprisonment. See Cal. Code Civ. Proc. §§ 945.3, 352.1. The statute of limitations begins to run immediately after the recognized disability period ends. See Cabrera, 159 F.3d at 378-79 (applying California Law).

The first of the two tolling provisions, § 945.3 of the California Government Code, provides:

> No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the charges against the accused are pending before a justice, municipal or superior court.
>
> Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a municipal or superior court.

Although the first paragraph, barring the filing of an action, is not applicable to claims brought in federal court pursuant to § 1983, the second paragraph's tolling provision does apply. See Harding v. Galceran, 889 F.2d 906, 908 (9th Cir. 1989). The tolling provision, however, operates only for the period that the criminal charges are "pending," i.e., until the

---

[7] Although plaintiff's false arrest claim likely would have implicated the validity of his incarceration and/or conviction on a charge of public intoxication, that charge, as noted, was never filed.

date of judgment. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

In the instant case, the Court is unable to determine from either the complaint or judicially noticeable facts the precise date on which criminal charges were filed against plaintiff. Liberally construing the allegations in plaintiff's favor, the Court will assume, for purposes of the instant motion, that criminal charges were pending as of the date of plaintiff's arrest. Consequently, under § 945.3, the limitations period was tolled until September 6, 2000, the date plaintiff was convicted and judgment entered in the state superior court.

The second of the two tolling provisions, California Civil Procedure Code § 352.1, recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." See Cal. Code Civ. Proc. § 352.1(a).[8] Such tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. See id. Here, plaintiff was incarcerated from the date of his conviction, September 6, 2000, until his release over three years later, October 28, 2003, a period exceeding two years. Consequently, he is entitled to the maximum two years of tolling afforded by § 352.1(a).

In sum, the limitations period was tolled by § 945.3 until September 6, 2000, after which date the limitations period was further tolled by § 352.1(a) for an additional two years, i.e., until September 6, 2002. At that point, the limitations period first began to run.

As discussed above, the new two-year limitations period applies where, as of January 1, 2003, the effective date of § 335.1, the plaintiff's claim is not already time-barred under the old one-year statute of limitations. Here, plaintiff's claim was not time-barred as of January 1, 2003. Plaintiff thus had until September 6, 2004 to file his § 1983 false arrest

---

[8] Although, when read literally, § 352.1(a) tolls the statute of limitations only for persons who are serving terms of imprisonment of less than life, California courts have held that a prisoner serving a life sentence is also entitled to the tolling benefit of § 352.1(a) (formerly section 352(a)(3)). See Grasso v. McDonough Power Equip., 264 Cal. App. 2d 597, 601 (1968). Hence, a prisoner, such as plaintiff, i.e., a prisoner serving a life sentence with the possibility of parole, is entitled to tolling. See Martinez v. Gomez, 137 F.3d 1124, 1125-26 (9th Cir. 1998) (following Grasso).

7

claim against defendants. As the complaint in this action was not filed until May 15, 2005, over nine months later, it is untimely.

3. <u>Equitable Tolling</u>

Plaintiff argues that the limitations period should be equitably tolled based on the fact that he had previously filed two actions in this court. In a federal civil rights action, the federal court applies California's equitable tolling rules. <u>Azer v. Connell</u>, 306 F.3d 930, 936 (9th Cir. 2002). Under California law, equitable tolling is appropriate in a later suit when an earlier suit was filed and where the record shows: "'(1) timely notice to the defendant in the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.'" <u>See</u> <u>id.</u> (citing <u>Daviton v. Columbia/HCA Healthcare Corp.</u>, 241 F.3d 1131, 1137-38 (9th Cir. 2001) (en banc) (citing <u>Collier v. City of Pasadena</u>, 142 Cal. App. 3d 917, 924 (1983)). Here, plaintiff's prior lawsuits are <u>Jackson v. McMillin</u>, No. 99-1411 MMC, filed March 23, 1999, and <u>Jackson v. McMillin</u>, No. 04-4529 MMC, filed October 26, 2004. Defendants were not notified of either of plaintiff's earlier cases because those cases were dismissed before any defendant was served.[9] Additionally, because the later of the two cases was filed after the limitations period had already expired, equitable tolling as of the date that case was filed was not available in any event. As a result, neither of plaintiff's earlier-filed actions satisfies the first element of the test for equitable tolling.

## CONCLUSION

Plaintiff's false arrest claim accrued on April 13, 1998, the date of his arrest. Liberally construing the allegations in the complaint and any judicially noticeable facts in plaintiff's favor, the limitations period was tolled from that date until September 6, 2002, at which point it began to run. The limitations period expired thereafter on September 6, 2004, over nine months before this action was filed. There is no basis for equitable tolling.

---

[9] The first case, No. 99-1411 MMC, was dismissed on May 3, 1999 for failure to pay the filing fee. The second case, No. 04-4529 MMC, was dismissed on December 15, 2004, for failure to present a case or controversy.

1  Accordingly, defendants' motion to dismiss is GRANTED and the above-titled action is
2  hereby DISMISSED as untimely.[10]
3       This order terminates Docket Nos. 8 and 18.
4       The Clerk shall close the file and terminate any pending motions.
5       IT IS SO ORDERED.
6  DATED: February 6, 2006

_____
MAXINE M. CHESNEY
United States District Judge

---

[10] In light of this ruling, the Court does not reach defendants alternative arguments in support of dismissal.